| | |
|---|---|
| **KAREN BROYLES,** individually and on behalf of others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**RAGINGBULL.COM, LLC,** )<br>)<br>Defendant. ) | No. 2:20-cv-00245<br><br>CORKER/WYRICK<br><br>JURY TRIAL DEMANDED |

**MOTION OF PETER KEITH, ESQ., IN HIS CAPACITY AS COURT-APPOINTED RECEIVER OF DEFENDANT RAGINGBULL.COM, LLC, TO INTERVENE AND TO STAY PROCEEDINGS**

Comes now Peter Keith, Esq., in his capacity as the Court-appointed Receiver for Defendant RagingBull.com, LLC ("Mr. Keith"), by and through his undersigned counsel, and respectfully moves this Court pursuant to Rule 24 of the Federal Rules of Civil Procedure for leave to intervene in this cause. Mr. Keith further requests that the Court enter an order staying all proceedings pursuant to the Modified Temporary Restraining Order entered by the United States District Court for the District of Maryland pending further order from that Court or the expiration of that Modified Temporary Restraining Order. In further support of this Motion, Mr. Keith states as follows:

1. On December 7, 2020, the Federal Trade Commission ("FTC") filed a *Complaint for Permanent Injunction and Other Equitable Relief* in the United States District Court for the District of Maryland with Case Number 1:20-CV-3538 (the "Maryland Litigation") against, *inter alia*, the Defendant in the present action, RagingBull.com, LLC ("RagingBull"). The caption for

the Maryland Litigation is *Federal Trade Commission v. RagingBull.com, LLC f/k/a Lighthouse Media LLC, et al.*

2. Through the Maryland Litigation, the FTC seeks various relief against RagingBull, including injunctive relief, relating to its advertisement and provision of online services related to stock and options trading to its customers. The FTC sought entry of a temporary restraining order as a precursor to a preliminary injunction hearing.

3. On December 8, 2020, the United States District Court for the District of Maryland (the "Maryland Court") entered a *Temporary Restraining Order with Asset Freeze, Appointment of a Temporary Receiver, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue* [Dkt. 21] (the "TRO"). A true and correct copy of the original TRO is attached hereto as **Exhibit A**.

4. Section XIII of the TRO orders that a temporary Receiver be appointed as an agent of the Maryland Court. Through the TRO, the Maryland Court appointed Mr. Keith as the temporary receiver "with full powers of an equity receiver." [Dkt. 21, pp. 17-18]. As set forth in Section XIV of the TRO, Mr. Keith is authorized to "[i]nstitute, compromise, adjust, appear in, intervene in, defend, dispose of, or otherwise become party to any legal action in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of [RagingBull.com], or to carry out the Receiver's mandate under this Order . . ." [*Id.*, p. 21].

5. Section XIX of the TRO orders a stay of the present action:

> **IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency of the receivership ordered herein, . . . all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that

would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities, including but not limited to:

. . .

B. Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against [RagingBull.com] . . . except that such actions may be commenced if necessary to toll any applicable statute of limitations . . .

[Dkt. 21, pp. 26-27].

6. On December 15, 2020, the Maryland Court entered another Order that, *inter alia*, extended the TRO's duration until the Court could conduct a preliminary injunction hearing, which had been scheduled for January 13, 2021. [Dkt. 56]. In conjunction with that Order, on December 17, 2020, the Maryland Court entered a Modified TRO virtually identical to the original TRO for all purposes relevant to this action, except that the duration of the TRO was extended to 9:30 a.m. on January 13, 2021.[1] [Dkt. 64, p. 34]. A true and correct copy of the Modified TRO is attached hereto as **Exhibit B**.

7. On December 30, 2020, the Maryland Court entered an Order extending the duration of the Modified TRO from January 13, 2021, to February 5, 2021, in conjunction with the rescheduling of the preliminary injunction hearing. [Dkt. 104]. A true and correct copy of this Order extending the duration of the Modified TRO is attached hereto as **Exhibit C**. Thus, the above-quoted terms of the TRO and Modified TRO are still in effect today.

8. Pursuant to Rule 24 of the Federal Rules of Civil Procedure, and as expressly provided in the Maryland Court's Modified TRO, Mr. Keith has the right to "intervene in . . . or otherwise become party to any legal action . . . as [Mr. Keith] deems necessary and advisable to

---

[1] The Modified TRO also removed certain restrictions with regard to one of the original defendants in that cause that is not the defendant in this cause.

preserve or recover the Assets of [RagingBull.com], or to carry out the Receiver's mandate under [the Maryland Court's Modified TRO]."

9. Through the present action, Ms. Broyles, individually and on behalf of other similarly situated individuals, seeks relief from RagingBull.com that, if Plaintiff prevails, would affect Mr. Keith's ability to preserve or recover RagingBull.com's assets. As such, Mr. Keith deems it necessary to intervene in this Action as the Court-appointed Receiver of RagingBull.com.

10. Further, Mr. Keith deems intervention necessary to give effect to the terms of the Maryland Court's Modified TRO, which orders a stay of these proceedings during the pendency of Mr. Keith's receivership. The Modified TRO unequivocally provides that, "except by leave of [the Maryland] Court, during the pendency of the receivership," "customers" of RagingBull.com "are enjoined from taking action that would interfere with the exclusive jurisdiction of [the Maryland] Court over the Assets or Documents of [RagingBull.com] including "continuing a judicial . . . action or proceeding against [RagingBull.com]." Because the receivership established by the Maryland Court is still pending, Plaintiff's continued prosecution of this action would constitute a violation of the Modified TRO.

WHEREFORE, based on the foregoing, Peter Keith, Esq., in his capacity as Court-appointed Receiver of Defendant RagingBull.com, LLC, respectfully moves this Court for an Order allowing him to intervene as a Defendant in this action and, in addition, to stay all proceedings pending further order from the United States District Court for the District of Maryland or termination of the receivership established by that Court.

Respectfully submitted,

BAKER DONELSON BEARMAN,
CALDWELL BERKOWITZ, P.C.

*/s/ Nicholas W. Diegel*
Christopher E. Thorsen (#021049)
211 Commerce Street, Suite 800
Nashville, TN 37201
(615) 726-5600
(615) 726-0464 (facsimile)
cthorsen@bakerdonelson.com

Nicholas W. Diegel (#034211)
265 Brookview Centre Way, Suite 600
Knoxville, Tennessee 37919
(865) 549-7000
(865) 525-8569 (facsimile)
ndiegel@bakerdonelson.com

*Attorneys for Intervenor Peter Keith, Esq., in his capacity as Court-appointed Receiver of RagingBull.com, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 8, 2021, a true and exact copy of the foregoing **Motion of Peter Keith, Esq., in His Capacity as Court-Appointed Receiver of Defendant RagingBull.com, LLC, to Intervene and to Stay All Proceedings** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail or by hand delivery. Parties may access this filing through the Court's electronic filing system.

*s/ Nicholas W. Diegel*
Nicholas W. Diegel